IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A.,          )<br>                                 )<br>     Plaintiff,                 )<br>                                 )<br>     v.                         )<br>                                 )<br>HUMPHREY LUMBER CORPORATION )<br>and STEVEN J. HUMPHREY,          )<br>                                 )<br>     Defendants.                ) | CIVIL ACTION NO.<br>   2:11cv584-MHT<br>        (WO) |

OPINION

Plaintiff Wells Fargo Bank, N.A., successor-by-merger to Wachovia Bank, N.A., brings this lawsuit against defendants Humphrey Lumber Corporation and Steven J. Humphrey seeking collection on a note and guaranty. Jurisdiction is proper under 28 U.S.C. § 1332. The case is now before the court on Wells Fargo's motion for summary judgment, which, for the reasons that follow, will be granted.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). The party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115-17 (11th Cir. 1993).

Under Alabama law, a promissory note serves as prima-facie evidence of the holder's right to recover the principal, interest, and, if provided for in the note, attorney's fees. See <u>Chilton Warehouse & Mfg. Co. v. Lewis</u>, 57 So. 100, 101 (Ala. App. 1911). In this case, Wells Fargo has submitted a promissory note signed by Steven J. Humphrey on behalf of Humphrey Lumber Corporation and the undisputed facts set forth in Wells Fargo's affidavits and documentary evidence demonstrate that Humphry Lumber Corporation defaulted on that note. Because of the default, Wells Fargo accelerated payment of the remaining principal sum of $ 413,088.30, along with

$ 49,947.64 in accrued interest and $ 4,413.59 in late fees, for a total of $ 467,449.53, all of which is now past due.  For its part, Humphrey Lumber Corporation admits "some indebtedness to Wells Fargo," but offers no evidence challenging the amount owed or identifying a single material issue of fact.  Defs.' Brief 1 (Doc. No. 15).  As a result, summary judgment is proper against Humphrey Lumber Corporation.

Alabama law makes Steven J. Humphrey, the guarantor of the promissory note, liable upon proof of (1) the existence of the guaranty contract and (2) a default by the debtor.  See Sharer v. Bend Millwork Sys., 600 So. 2d 223, 225-26 (Ala. 1992).  Wells Fargo has offered documentary evidence and affidavits establishing both the existence of such a contract between it and Steven J. Humphrey and of Humphrey Lumber Corporation's default on the underlying note.  Because this is the only evidence before the court, and because this evidence has not been

opposed by either defendant, summary judgment is proper on Wells Fargo's claim against Steven J. Humphrey.

An appropriate judgment will be entered.

DONE, this the 8th day of December, 2011.

                                       /s/ Myron H. Thompson  
                                  UNITED STATES DISTRICT JUDGE