IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
WELLS FARGO BANK, N.A.,        )
                               )
      Plaintiff,               )
                               )        CIVIL ACTION NO.
      v.                       )         2:11cv584-MHT
                               )              (WO)
HUMPHREY LUMBER                )
CORPORATION and STEVEN J.      )
HUMPHREY,                      )
                               )
      Defendants.              )
```

OPINION AND ORDER

Plaintiff Wells Fargo Bank filed this lawsuit against defendants Humphrey Lumber Corporation and Steven J. Humphrey (collectively, Humphrey) seeking collection on a note and guaranty. The court granted summary judgment for Wells Fargo and ordered Humphrey to pay damages, interest, and the reasonable expenses actually incurred by Wells Fargo in enforcing its rights under the note and guarantee. Now before the court is Wells Fargo's motion to amend that judgment to incorporate a specific finding as to the reasonable amount of attorneys' fees and costs.

For the following reasons, that motion will be granted, and Humphrey will be ordered to pay $ 14,290.73 in legal fees and costs to Wells Fargo.

## I.   Background

This straightforward action arose from Humphrey's default on a promissory note.  Wells Fargo filed its complaint on July 20, 2011.  No substantial discovery occurred.  On November 4, 2011, Wells Fargo moved for summary judgment.  Humphrey's cursory reply to that motion admitted liability and "some indebtedness to Wells Fargo," Resp. to Mot. for Summ. J. (Doc. No. 15) at 1, and did not contest any of Wells Fargo's factual allegations.

On December 8, 2011, this court granted summary judgment for Wells Fargo and ordered Humphrey to pay, among other things, the reasonable expenses Wells Fargo actually incurred prosecuting this case.  In its evidentiary submission in support of its motion to amend

2

that judgment, Wells Fargo submits that it accrued legal fees totaling $ 10,797.00 and costs totaling $ 4,290.73, for a total of $ 15,087.73.[1]  Humphrey responded to that motion by attacking the sufficiency of Wells Fargo's evidentiary submissions and insisting that those inadequacies prevented him from making "a meaningful response" to the motion.  Defs.' Resp. in Opp'n to Pl.'s Mot. to Amend (Doc. No. 20) at 2.  Wells Fargo then provided additional evidentiary support for its motion to which Humphrey has not responded.

## II.  Legal Standard

In calculating attorneys' fees, the court should determine the "lodestar" figure or "the product of the

_____

1.  Since the motion for costs contains inconsistencies and errors in arithmetic, this total is the court's best guess of what Wells Fargo actually believes to be the total costs of collection.  Regardless of the actual amount sought, the court has done its own calculation of the appropriate fee award in this case and therefore those errors (and the possibility that this court has misidentified the actual amount sought) are immaterial.

3

number of hours reasonably expended to prosecute the lawsuit and the reasonable hourly rate for work performed by similarly situated attorneys in the community." Simpleville Music v. Mizell, 511 F. Supp. 2d 1158, 1161 (M.D. Ala. 2007) (Thompson, J.) (citing Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). In determining the lodestar, the court applies the 12-factor test set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) (abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)),[2] and then proceeds to analyze "whether any portion of this fee should be adjusted upwards or downwards." Simpleville Music, 511 F. Supp. 2d at 1161 (citing Johnson, 488 F.2d at 717-19).[3]

---

2.   In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3.   These 12 factors are: (1) the time and labor
(continued...)

4

The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1162 (quoting Norman, 836 F.2d at 1303). The applicant may meet this burden by producing either direct evidence of the rates charged under similar circumstances or by opinion evidence as to the reasonable rate. However, the court "is itself an expert on [this issue] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment ... as to value." Norman, 836 F.2d at 1303 (internal quotation marks omitted).

––––––––––––––––––––

        (...continued)
required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

### III.  Discussion

This case is one of many similar disputes where Wells Fargo seeks the reasonable costs of collection on what amounts to uncontested debt.   In determining the reasonable fees and costs, the court finds persuasive, both for its reasoning and for its ability to bring predictability and consistency to the resolution of these motions, the approach highlighted in <u>Wells Fargo Bank, N.A. v. Southern Boys Investment Group, LLC</u>, 2011 WL 2446594 (M.D. Fla. May 26, 2011) (Richardson, M.J.), adopted by 2011 WL 2436062 (M.D. Fla. June 15, 2011) (Dalton, J.).  In <u>Southern Boys Investment</u>, Wells Fargo, which was represented by the same firm and, indeed, some of the same lawyers representing it in this court, requested $ 16,836.00 in attorneys' fees and $ 2,715.02 in expenses for work materially similar to that which was undertaken in this case.  The court noted that Wells Fargo failed to explain its fee request in terms of the <u>Johnson</u> factors and therefore "used its own judgment

6

regarding the attorneys' fee award." Id. at *4. Since "the Defendants made no appearance, there were no hearings, and no discovery was conducted," the court concluded that, "absent special circumstances and without any evidence as to the Johnson factors, a fee over $ 10,000.00 would not be reasonable." Id. (citing Textron Fin. Corp. v. Longstreet, 2010 WL 331901, at *4 (M.D. Fla. Jan. 28, 2010) (Antoon, J.) (holding that attorneys' fees should be limited to $ 10,000 in a simple contract dispute where the plaintiff failed to provide the court with an itemization of the tasks performed)). It therefore awarded Wells Fargo $ 10,000 in legal fees and $ 2,715.02 in expenses.

A similar approach is warranted in this case. See Johnson, 488 F.2d at 719 (encouraging courts to consider awards in similar cases when setting attorneys' fees). As in Southern Boys Investment, this is a straightforward breach-of-contract claim in which there was little or no discovery conducted, no hearings held, and no substantive

7

disagreement about liability.  The court can therefore see no reason why attorneys' fees related to this litigation should exceed $ 10,000, and Wells Fargo has submitted no documentation that would justify a higher award.  Id.  Moreover, Wells Fargo has failed to explain whether this case was any more novel or difficult than other similar cases in which it received only $ 10,000 in attorneys' fees; what the customary fee for similar work would be; or anything else about this case that might justify an award higher than the one it received in Southern Boys Investment.  Id. at 717-19 (identifying factors this court should consider when determining an appropriate fee).  The court therefore concludes, based on its own experiences handling similar disputes, that, while Humphrey is liable for the reasonable attorneys' fees associated with this litigation, Humphrey is not liable for the full amount requested by Wells Fargo.  See Wells Fargo v. Blount, No. 11cv296, (M.D. Ala. Apr. 3, 2012) (Thompson, J.) (limiting fees in a similar case to

8

$ 10,000).   Put simply: it would be unreasonable for those fees to exceed $ 10,000.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Plaintiff Wells Fargo Bank's motion to amend judgment (doc. no. 18) is granted.

(2) Defendants Humphrey Lumber Corporation and Steven J. Humphrey, jointly and severally, are to pay $ 14,290.73 in fees and costs associated with this litigation.   That total is comprised of $ 10,000 in attorneys' fees and $ 4,290.73 in costs.

DONE, this the 4th day of April, 2012.

  /s/ Myron H. Thompson  
UNITED STATES DISTRICT JUDGE